## ALBERT L. HERTEL, Respondent, v. WILLIAM CUBA, Appellant.

**St. Louis Court of Appeals.    Argued and Submitted November 2, 1914.    Opinion Filed December 8, 1914.**

1. **JUSTICES' COURTS: Sufficiency of Statement.** A statement filed in a justice's court, alleging that defendant is indebted to plaintiff for $125 for medical services rendered by plaintiff to a third person at the special request of defendant, and that the services were reasonably worth $125, and praying for judgment for that amount and costs, was sufficient, especially after judgment.

2. **PHYSICIANS AND SURGEONS: Services Rendered Third Person: Sufficiency of Evidence.** In an action by a physician for medical services rendered defendant's adult son, evidence *held* sufficient to sustain a finding that the services were rendered under an express promise by defendant, made before their rendition, that he would pay plaintiff for them; and hence it is *held* that the case was one for the jury.

3. ————: ————: **Evidence.** In an action by a physician for medical services rendered a third person at the request of defendant, a statement filed with an insurance company by the third person, in which, after setting out that he had sustained the injuries for which plaintiff treated him, he stated that he thought he was entitled to his lost wages and doctor's bills, and that such bills amounted to $150, was inadmissible against plaintiff, as also was evidence that the third party had been paid by the insurance company for doctor's bills.

4. ————: ————: **Instructions.** In an action by a physician for medical services rendered a third person at the request of defendant and under a promise by him, made before the services were rendered, that he would pay plaintiff therefor, *held* that an

instruction given for plaintiff, submitting his theory to the jury, was free from error.

5. **INSTRUCTIONS: Refusal: Covered by Other Instructions.** It is not error to refuse an instruction which submits a theory that is fully covered by other instructions given.

6. ———: ———: **Not Supported by Evidence.** It is not error to refuse an instruction which submits a theory that is not supported by the evidence.

Appeal from St. Louis City Circuit Court.—*Hon. Charles Claflin Allen,* Judge.

AFFIRMED.

*Adolph R. Grund* for appellant.

(1) Plaintiff seeks to recover under his petition for services rendered a third person on an implied contract; plaintiff knew that the services to be rendered were not for the benefit of the defendant, and that defendant was under no legal obligation to pay therefor. Plaintiff cannot predicate a claim against defendant unless defendant expressly promised to pay for them before the services were rendered. Morrell v. Lawrence, 203 Mo. 363. If the contract relied on by plaintiff for a recovery be express it must be so pleaded, but if it is implied, the facts out of which it is claimed to arise must be pleaded. Wetmore v. Grouch, 150 Mo. 671; Wells v. Railroad, 35 Mo. 164; Rankin v. Beal, 68 Mo. App. 325. (2) The court erred in refusing to direct verdict for the defendant at close of plaintiff's case. (a) There is no evidence as to any implied contract. (b) Plaintiff did not make a prima facie case against the defendant. Morrell v. Lawrence, 203 Mo. 363; Crowell v. Donoho, 168 Mo. App. 307. (3) Testimony of J. Langford and the testimony of C. H. Pangey and "Exhibit A" were admissible as part of the *res gestae,* and as an explanatory fact. 1 Elliott on Evidence, sections 154, 155, 541, 548; Gard-

ner v. Crenshaw, 122 Mo. 79; State to use v. Mason, 112 Mo. 380. (5) Plaintiffs petition was predicated upon an implied promise. Plaintiff's instruction No. 1 was predicated on that petition. There was no evidence introduced by either plaintiff or defendant of an implied contract or facts from which a contract could be implied by law and when there is no evidence to support the verdict, the judgment will be reversed. Howard v. Cohow, 33 Mo. 118; Moore v. Hutchinson, 69 Mo. 429; Flanders v. Green, 50 Mo. App. 371.

*Jesse T. Friday* for respondent.

(1) Formal pleadings are not required in justice's court and much latitude is allowed in the statement of a cause of action; it being sufficient, if the statement affords reasonable notice to the adversary of the claim relied on, and operates to bar another suit on the same cause of action. Brewing Company v. Ehlhardt, 139 Mo. App. 129; Guarantee Int. Fix. Co. v. St. Louis American League B. B. Co., 152 Mo. App. 601; Lord & Bushnell Co. v. Texas N. O. R. Co., 155 Mo. App. 175; Mut. Tel. Co. v. Hope, 139 Mo. App. 282; Cardwell v. Connor, 142 Mo. App. 14; Vail v. Rumsey-Sikemeyer Co., 137 Mo. App. 446. Whether plaintiff, in an action in the justice's court, pleaded his cause of action on the *quantum meruit* or an express contract, is immaterial; he may recover though his pleading be one of *quantum meruit* and the evidence shows an express contract. Herrick v. Maness, 142 Mo. App. 399; Walker v. Guthrie, 102 Mo. App. 420; Buschmann v. Bray, 68 Mo. App. 8. (2) The court was correct in refusing to direct a verdict for the defendant at the close of plaintiff's case, as plaintiff alleged and proved a valid cause of action. Cases supra cited. (3) Plaintiff's instruction fully and properly covered the case. Weinsberg v. St. Louis Cordage Co., 135 Mo. App. 553; Freeman v. Junge

Baking Co., 126 Mo. App. 124: Morrell v. Lawrence, 203 Mo. 363.

REYNOLDS, P. J.—Plaintiff below, respondent here, commenced an action against defendant, now appellant, before a justice of the peace, filing a written statement in which it is set out that defendant is indebted to plaintiff in the sum of $125 for medical services rendered by plaintiff to one Langford, from June 2, 1910, until on or about September 3, 1910, "at the special instance and request of defendant," and that the services so rendered by plaintiff were reasonably worth the sum of $125. Alleging demand and refusal to pay, plaintiff asks judgment for that amount and costs.

We are not advised of the result before the justice, but on appeal to the circuit court and a trial there, plaintiff recovered, from which defendant has duly perfected his appeal.

Nine errors are assigned here.

The first assignment is that the petition does not state facts sufficient to constitute a cause of action against defendant. We do not think that point is well taken. It is argued that the petition or statement does not contain an averment of an express promise to pay but rests on an implied contract, and that neither has been proven. Morrell v. Lawrence, 203 Mo. 363, 101 S. W. 571, is relied on in support of the contention that where there is no implied promise, there must be an express one, made before the services were rendered. The point urged in that case was that the petition and the facts in the case did not make out an implied promise; that such a promise did not arise on the mere fact that the father called a physician to attend his sick son, a man of mature age. But the court held that there was evidence from which a promise to pay could be implied. It is admitted that the statement here sets

186MoApp13

out facts on which an implied promise may arise. There is evidence not only tending to sustain this but also evidence tending to show the services were rendered under an express promise by defendant, made before their rendition, that he would pay plaintiff for them. Over and above that, even if this statement, a statement filed before a justice of the peace, is defective, it is not so fatally defective that it will not sustain a judgment, and it is entirely sufficient after judgment.

This practically disposes of the second assignment of error to the action of the court in refusing to direct a verdict for defendant made at the close of plaintiff's case. As before stated, there was ample evidence of the employment of the physician by defendant and of that employment being accompanied by the promise on the part of defendant to pay.

This also disposes of the fifth and eighth assignments of error, which are to the effect that there is no evidence to support the verdict and no evidence to support the allegations of the petition.

The third and fourth assignments of error are to the exclusion of competent, relevant and material evidence, as it is claimed. The evidence offered and excluded and upon which this mainly rests, was a statement filed with an insurance company by Langford, in which, after setting out the facts of the accident as far as he knew them, he stated that he thought he was entitled to his lost wages, and doctor's bills, and that he "makes claim for $500." To this he added: "My doctor's bills amount to $150." There was no evidence whatever that this statement was brought to the knowledge of the plaintiff, so that it was inadmissible against him for any purpose whatever. So it may be said of evidence attempted to be introduced to the effect that Langford had in point of fact been paid by the insurance company for his doctor's bills. But there is no pretense that this plaintiff had been paid by any one

for his services rendered in attendance upon Langford.

Error is assigned to the giving of plaintiff's instruction and to the refusal of the court.to give two instructions asked by defendant. Consideration of the instruction given at the instance of plaintiff discloses no error in it. It correctly placed the case before the jury. The issue sought to be placed before the jury by the first instruction asked by defendant and refused, was fully and correctly covered by the instruction given at the instance of plaintiff.

Defendant's second refused instruction is to the effect that if the jury found from the evidence that defendant did not agree to pay for more than the first or emergency treatment, then the jury were instructed that they might find in favor of plaintiff for only such an amount as the jury might believe from the evidence would be reasonable for such services. It is sufficient to say of this refused instruction that it is not supported by any substantial testimony in the case. It is in evidence that there was some discussion between defendant and the wife of the injured man, Langford, as to the insurance company being liable for "first aid" services, but there is not a particle of evidence bringing knowledge of this home to plaintiff; to the contrary there is the affirmative evidence of an employment of plaintiff by defendant at the outset and a promise on the part of defendant to pay for the services so rendered. There is no evidence in the case of any qualification of this, of which the plaintiff had any knowledge.

The verdict of the jury was obviously for the right party, is sustained by substantial evidence, and the trial was without prejudicial error committed against the interest of defendant. The judgment of the circuit court is affirmed. *Nortoni* and *Allen, JJ.,* concur.